```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

TERRY PAUL HYSER,                    )
                                     )
      Plaintiff                      )
                                     )     CAUSE NO.  3:05-CV-628 RM
   v.                                )
                                     )
UNITED STATES OF AMERICA, *et al.*,  )
                                     )
      Defendants                     )

## OPINION AND ORDER

Terry Paul Hyser, a *pro se* prisoner, has filed motion to reconsider this court's order directing him to file an amended complaint containing a short, plain statement separately stating each claim, specifically identifying each defendant, particularly describing how he was injured by each defendant, and explaining what relief he seeks for himself. Unlike his previous filings, this one is neatly written and clearly stated. It is legible with reasonable spacing and margins. It is rude, but, unlike his previous filings, it is not rambling.

Mr. Hyser urges the court to decipher his numerous previous filings which spread over more than 300 pages and to disentangle his personal claims from those wherein he attempted to represent every prisoner incarcerated in every facility of the Indiana Department of Correction (approximately 26,000 by his count). Mr. Hyser asserts that he has done his best to present his claims and that he has limited access to the law library. What Mr. Hyser asks is unreasonable. He has demonstrated that he can write both legibly and directly. He does not need access to the law library. He was not asked for legal authority, he was asked

describe what happened to him and who did it. This is within his personal knowledge and experiance. Such facts are not available in the law library. Since he is representing only himself, he need not even consult with other inmates to see what has happened to them. At this stage of this lawsuit, Mr. Hyser must specifically state what was done to him and who did it. Broad general statements that conditions are bad and that he is suffering do not state a claim for which any relief can be granted.

    Mr. Hyser states that the defendants listed on the docket are different from those he intended to sue. This only serves to demonstrate the court's difficulty in deciphering his previous filings and reinforces the need for a clear, single complaint.

    Mr. Hyser believes that he sent papers to the court which are not currently in its files and he states that he is sending another 1000 pages. Mr. Hyser complains about this court's delay in acting on his prior filings, but he does not acknowledge that prompt rulings are impossible when he and others file lengthy, illegible, rambling papers which require extensive efforts to read and interpret.

    Mr. Hyser's motion makes repeated allegations of judicial bias. The January 30 order explained what Mr. Hyser must do to comply with Rule 8 of the Federal Rules of Civil Procedure and afforded him time in which to do it. There is no judicial bias in telling a plaintiff he must comply with the rules of procedure, identifying the applicable rule for him, and explaining what he must do differently to comply.

Mr. Hyser was ordered to file an amended complaint and his motion to reconsider that order (docket # 36) is **DENIED**.

Finally, Mr. Hyser asks for copies of his prior filings. Because they could aid him drafting his amended complaint, the clerk is **DIRECTED** to send him a copy of all of his prior filings along with his this order, but Mr. Hyser is **CAUTIONED** not to continue to expect free copies from the court record in the future.

SO ORDERED.

ENTERED: February 7 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court