UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRY PAUL HYSER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO.  3:05-CV-628 RM |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Terry Paul Hyser, a *pro se* prisoner, has filed a 94 page amended complaint which includes a one page motion to reconsider this court's order of dismissal which will be construed pursuant to Fed. R. Civ. P. 59. Mr. Hyser explains that he completed his amended complaint only 10 days after the deadline. Though the brevity of the delay weighs in his favor, it would be pointless to reopen this case because the amended complaint is nearly as confusing as his prior filings.

> What is true is that the complaint is confusing. The district court would have been within its rights in dismissing it on that ground, *e.g.*, Fidelity National Title Ins. Co. v. Intercounty National Title Ins. Co., 412 F.3d 745, 749 (7th Cir. 2005); Lindell v. McCallum, 352 F.3d 1107, 1110 (7th Cir. 2003); Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001); In re Westinghouse Securities Litigation, 90 F.3d 696, 703-04 (3d Cir. 1996); Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995), but with leave to replead. That is not what the court did; it dismissed with prejudice, which would have been proper on grounds of confusion only after the plaintiff had demonstrated her inability to file a lucid complaint, which she has not done. True, this was her second, amended complaint, but the first was not denied on the ground that it was confusing. Nor was confusion among the court's grounds for the dismissal of the second complaint. We should cut her a bit of slack, since she is *pro se.*

<u>Loubser v. Thacker</u>, ___ F.3d ___, 2006 U.S. App. LEXIS 5773, 10-11 (7th Cir. 2006).

Mr. Hyser has filed hundreds of confused pages in this case prior to this amended complaint. He is an inmate held in a prison by the State of Indiana. Nevertheless, in his amended complaint he, in part, seeks to sue

> The United Society of Americans as a whole, all citizens-tax payers-residents of the U.S.A. herein to be identified as John Jane Does by contributory negligence in financial support of, and by elected or appointed authority and support of are fully aware, knowingly and intentionally liable and responsible for the corruption of their chosen chief officials actions and/or agents actions as in a democratic society created by-for-of its peoples here-in still it does not bar them from liabilities.

Amended Complaint at 15-16, docket # 54. Because the proposed amended complaint would be dismissed as confusing, the Rule 59 motion (docket # 54) is **DENIED** and his 149 page motion for injunctive relief (docket # 55) is **DENIED AS MOOT** because this case is closed.

SO ORDERED.

ENTERED: March 23 , 2006

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court

2